DAVID C. JACKSON AND FRANCIS I. JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson
Docket No. 8172-85
United States Tax Court
T.C. Memo 1992-484; 1992 Tax Ct. Memo LEXIS 507; 64 T.C.M. (CCH) 595; August 25, 1992, Filed *507 An appropriate order will be issued. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioner: Declan J. O'Donnell. For Respondent: Randall L. Preheim. MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, and an addition to, David C. and Francis I. Jackson's (petitioners) Federal income tax for the taxable year, and in the amounts, set forth below: [2]
Addition to Tax
Tax Year Ended
Deficiency
Sec. 6651(a)(1)
December 31, 1980
$ 13,195
$ 2,499.50
*508 A notice of deficiency was mailed to petitioners on January 3, 1985. Petitioners resided in Littleton, Colorado, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [3]
FINDINGS OF FACT Petitioners were validly subscribed members of Agosto Ltd. (Agosto), a limited partnership, for the taxable year ending December 31, 1980. On January 13, 1982, petitioners filed their 1980 individual income tax return. Agosto *509 filed its 1980 partnership information return on January 15, 1982. Consequently, as of January 3, 1985, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1980, and 3 years had not yet elapsed since the filing of Agosto's 1980 partnership information return. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Agosto prior to the issuance of the notice of deficiency. [4]
*510 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. As a preliminary matter, we note that petitioners' 1980 individual income tax return was filed on January 13, 1982, and that Agosto's 1980 partnership information return was filed on January 15, 1982. A notice of deficiency was mailed to petitioners on January 3, 1985, within 3 years after the date petitioners' and Agosto's 1980 returns were filed. As of January 3, 1985, the period of limitations upon assessment had not expired with respect to either petitioners' or Agosto's 1980 return. Consequently, pursuant to section 6501(a), petitioners' motion for summary judgment is without merit as *511 a matter of law. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , *512 affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with section 6501(a), and with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue. ↩
2. In her answer, respondent asserts that a portion of the deficiency constitutes a substantial underpayment attributable to a tax-motivated transaction and, therefore, is subject to the increased rate of interest provided for in sec. 6621(d).↩
3. The taxable year at issue antedates the enactment of secs. 6221-6232 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
4. On Apr. 14, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩