BEVERLY A. OLSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olson
Docket No. 24849-85
United States Tax Court
T.C. Memo 1992-486; 1992 Tax Ct. Memo LEXIS 505; 64 T.C.M. (CCH) 599; August 25, 1992, Filed *505 An appropriate order will be issued. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioner: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in, and increased interest on, Beverly A. Olson's (petitioner) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
Tax Year Ended
Deficiency
Sec. 6621(c)
December 31, 1978
$ 16,132.88
[5]
December 31, 1979
20,927.10
December 31, 1980
21,924.65
December 31, 1981
25,885.57
*506 A notice of deficiency was mailed to petitioner on April 9, 1985. Petitioner resided in Greensboro, North Carolina, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioner was a validly subscribed member of Aspen Synthetic Fuels, Ltd. (Aspen Fuel), a limited partnership, for the taxable years ending December 31, 1980, and December 31, 1981. [3] On April 15, 1981, and on April 15, *507 1982, petitioner filed her 1980 and 1981 individual income tax returns, respectively. Aspen Fuel timely filed its 1980 and 1981 partnership information returns. On February 6, 1984, petitioner executed a Form 872, thereby extending through April 15, 1985, the time to assess individual income tax against petitioner for the taxable year 1980. No consent to extend the time to assess tax was entered into with respect to Aspen Fuel's 1980 partnership information return. Consequently, as of April 9, 1985, the period of limitations upon assessment had not expired with respect to petitioner's taxable year 1980; conversely, more than 3 years had elapsed since the filing of Aspen Fuel's 1980 partnership information return. *508 On April 24, 1992, petitioner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to her distributive share of losses, deductions, and credits from Aspen Fuel prior to the issuance of the notice of deficiency. [4]
*509 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioner contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. As a preliminary matter, we note that petitioner's 1981 individual income tax return and Aspen Fuel's 1981 partnership information return were filed on April 15, 1982. A notice of deficiency was mailed to petitioner on April 9, 1985, within 3 years after the date petitioner's and Aspen Fuel's 1981 returns were filed. As of April 9, 1985, the period of limitations upon assessment had not expired with respect to either petitioner's or Aspen Fuel's 1981 return. Consequently, pursuant to section 6501(a), petitioner's motion for summary judgment is due to be denied with respect to the taxable year *510 1981. Petitioner cites , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. *511 , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with section 6501(a), and with the holding set forth above, petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
5. To be determined for each of the years at issue. ↩
2. The taxable years at issue antedate the enactment of secs. 6221-6232 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. The deficiencies in, and increased interest on, petitioner's 1978 and 1979 Federal income taxes are attributable to petitioner's investment in Blackfoot Bituminous, which is not a partnership, and which did not file partnership information returns for the taxable years 1978 and 1979. In the motion for summary judgment, petitioner erroneously represents that she was a validly subscribed member of Aspen Fuel for the taxable years 1978 and 1979. For purposes of this opinion, petitioner's misrepresentation will be ignored, and her motion for summary judgment will be deemed to relate exclusively to her investment in Aspen Fuel for the taxable years 1980 and 1981.↩
4. On Apr. 28, 1992, petitioner filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioner represents that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Additionally, petitioner's motion for summary judgment does not relate to the deficiencies in, and increased interest on, petitioner's Federal income taxes for the taxable years 1978 and 1979. Consequently, petitioner's motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩