JOHN W. FARMER AND CONNIE L. FARMER; LESTER V. ZANOTTI AND CECELIA ZANOTTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farmer
Docket No. 42471-85
United States Tax Court
T.C. Memo 1992-503; 1992 Tax Ct. Memo LEXIS 520; 64 T.C.M. (CCH) 632; September 2, 1992, Filed *520 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] *521 Respondent determined deficiencies in, increased interest on, and additions to, John W. and Connie L. Farmer's (petitioners Farmer) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
and Addition to Tax
Sec.
Sec.
Tax Year Ended
Deficiency
6621(c)
6653(a)
December 31, 1979
$ 6,220
[4]
$ 311
December 31, 1980
5,559
[4]
278
Respondent determined deficiencies in, increased interest on, and additions to, Lester V. and Cecelia Zanotti's (petitioners Zanotti) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
and Addition to Tax
Sec.
Sec.
Tax Year Ended
Deficiency
6621(c)
6653(a)
December 31, 1979
$ 25,845
[5]
$ 1,292
December 31, 1980
23,679
[5]
1,184
A notice of deficiency was mailed to petitioners Farmer on August 23, 1985, and to petitioners Zanotti on November 6, 1985. Petitioners Farmer resided in Kansas City, Missouri, and petitioners Zanotti resided in Omaha, Nebraska, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, *522 or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners Farmer were validly subscribed members of Doxtater & Farmer Ptr. (D & F), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. On April 15, 1980, and on April 12, 1982, petitioners Farmer filed their 1979 and 1980 individual income tax returns, respectively. On April 15, 1980, and on July 23, 1981, D & F filed its 1979 and 1980 partnership information returns, respectively. On December 22, 1982, and on November 20, 1983, petitioners Farmer executed Forms 872-A, thereby extending the time to assess individual income tax against petitioners *523 Farmer for the taxable years 1979 and 1980, respectively. Petitioners Zanotti were validly subscribed members of Wyoming Realty, Ltd. (Wyoming Realty), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. On April 15, 1980, and on April 15, 1981, petitioners Zanotti filed their 1979 and 1980 individual income tax returns, respectively. On February 4, 1981, and on April 15, 1981, Wyoming Realty filed its 1979 and 1980 partnership information returns, respectively. On December 3, 1982, and on November 22, 1983, petitioners Zanotti executed Forms 872-A, thereby extending the time to assess individual income tax against petitioners Zanotti for the taxable years 1979 and 1980, respectively. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent did not receive a notice of termination from petitioners Farmer or petitioners Zanotti, nor did respondent mail a notice of *524 termination to petitioners Farmer or petitioners Zanotti, for the taxable years 1979 and 1980. Consequently, as of August 23, 1985, the date a notice of deficiency was mailed to petitioners Farmer, the period of limitations upon assessment had not expired with respect to petitioners Farmer's taxable years 1979 and 1980. Similarly, as of November 6, 1985, the date a notice of deficiency was mailed to petitioners Zanotti, the period of limitations upon assessment had not expired with respect to petitioners Zanotti's taxable years 1979 and 1980. As of August 23, 1985, however, more than 3 years had elapsed since the filing of D & F's and Wyoming Realty's 1979 and 1980 partnership information returns. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from D & F and Wyoming Realty prior to the issuance of the notices of deficiency. [3]
*525 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , *526 the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . *527 We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
4. To be determined.↩
5. To be determined.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 15, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by petitioners Farmer. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩