LAWRENCE J. BROPHY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brophy
Docket No. 26115-83
United States Tax Court
T.C. Memo 1992-501; 1992 Tax Ct. Memo LEXIS 522; 64 T.C.M. (CCH) 630; September 2, 1992, Filed *522 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioner: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioner's motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in Federal income tax against Lawrence J. Brophy (petitioner) for the taxable years ending December 31, 1977, and December 31, 1979, in the amounts of $ 8,241 and $ 1,373, respectively. *523 A notice of deficiency was mailed to petitioner on August 10, 1983. Petitioner resided in El Segundo, California, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioner was a validly subscribed member of North Sea Realty, Ltd. (North Sea Realty), a limited partnership, for the taxable year ending December 31, 1979. On August 18, 1980, petitioner filed his 1979 individual income *524 tax return. North Sea Realty filed its 1979 partnership information return on October 17, 1980. Consequently, as of August 10, 1983, the period of limitations upon assessment had not expired with respect to petitioner's taxable year 1979, and 3 years had not yet elapsed since the filing of North Sea Realty's 1979 partnership information return. On February 4, 1992, petitioner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to his distributive share of losses, deductions, and credits from North Sea Realty prior to the issuance of the notice of deficiency. [3]
*525 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [4] Petitioner contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioner's 1979 individual income tax return was filed on August 18, 1980, and North Sea Realty's 1979 partnership *526 information return was filed on October 17, 1980. A notice of deficiency was mailed to petitioner on August 10, 1983. As of August 10, 1983, fewer than 3 years had elapsed since the filing of petitioner's and North Sea Realty's 1979 returns. Consequently, pursuant to section 6501(a), petitioner's motion for summary judgment is without merit as a matter of law regardless of whether the period of limitations is controlled by the filing of North Sea Realty's partnership information return or by the filing of petitioner's individual income tax return. [5]
In accordance with section 6501(a), petitioner's motion for summary judgment will be denied. *527 An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 11, 1992, petitioner filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioner represents that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioner's motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩
4. The deficiency for the taxable year 1977, which is attributable to the disallowance of petitioner's net operating loss carryback from the taxable year 1979, may be assessed at any time before the expiration of the period within which the deficiency for the taxable year 1979 may be assessed. See sec. 6501(h).↩
5. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also , affg. ; , affg. on this issue .↩