HARRY J. STAHL AND THEODORA G. STAHL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29441-85.          Filed June 10, 1991.

*Larry Kars,* for the petitioners.

*Marilyn Devin,* for the respondent.

SUPPLEMENTAL OPINION

SWIFT, *Judge:* Petitioners move to vacate and revise our opinion herein filed on June 26, 1990. See *Stahl v. Commissioner,* T.C. Memo. 1990-320.

Petitioners' motion is based on the contention that respondent's notices of deficiency mailed to petitioners on May 2, 1985, were untimely because they reflect adjustments to the 1979 and 1980 income of a partnership and because respondent's notices were mailed beyond 3 years from the time the partnership filed its information returns with respect to 1979 and 1980. Petitioners cite a decision of the U.S. Court of Appeals for the Ninth Circuit in support of their motion. *Kelley v. Commissioner,* 877 F.2d 756 (9th Cir. 1989), revg. and remanding T.C. Memo. 1986-405. Since the Ninth Circuit is the court of appeals to which an appeal in this case would lie, *Kelley,* if applicable, would be controlling. See *Golsen v. Commissioner,* 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

In *Kelley v. Commissioner, supra,* after obtaining from the taxpayers an extension of time to assess a tax deficiency with respect to the taxpayers' individual Federal income tax liability for 1980, respondent issued a notice of deficiency to the taxpayers relating to adjustments to the 1980 income of a subchapter S corporation in which the taxpayers owned stock. Respondent, however, in *Kelley* had not obtained from the subchapter S corporation a separate extension of time to make adjustments to the income of the subchapter S corporation for its 1980 taxable year. In *Kelley,* the Ninth Circuit held that the statute of limitations under section 6501(a)[1] running against respondent with respect to adjustments to the income of a subchapter S corporation applies at the corporate level, and therefore that respondent's notice of deficiency to the individual taxpayer-shareholders in that case was barred by the statute of limitations. 877 F.2d at 759.

In the instant case, we are not presented with adjustments to the income of a subchapter S corporation. Rather,

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue.

we addressed and sustained in our original opinion herein adjustments made by respondent to the income of a partnership in which petitioners had an interest. As explained below, for the years at issue, the statutory language applicable to respondent's authority to make adjustments to the income of partnerships is different from the statutory language applicable to respondent's authority to make adjustments to the income of subchapter S corporations. For that reason, the holding of the Ninth Circuit in *Kelley v. Commissioner, supra,* is not applicable to our resolution of the issue before us.

With regard to both subchapter S corporations and partnerships, section 6501 provides the general rule that—

Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed * * *

Section 6037, however, as applicable to the 1979 and 1980 taxable years of subchapter S corporations, specifically provides that returns shall be filed each year by subchapter S corporations and that—

Any return filed pursuant to this section shall, for purposes of chapter 66 (relating to limitations), be treated as a return filed by the corporation under section 6012.

Section 6031, on the other hand, as applicable to the 1979 and 1980 taxable years of partnerships, specifically provides only that returns shall be filed each year by partnerships. No language comparable to the above-quoted language from section 6037 with regard to subchapter S corporate returns is contained in section 6031 with regard to partnership returns.[2]

The Ninth Circuit's analysis and holding in *Kelley* were based on the above-quoted specific language of section 6037, applicable only to subchapter S corporations. See *Kelley v. Commissioner,* 877 F.2d at 758-759. Although we do not

---

[2]Sec. 6031 provides as follows:

Every partnership (as defined in section 761(a)) shall make a return for each taxable year, stating specifically the items of its gross income and the deductions allowable by subtitle A, and such other information for the purpose of carrying out the provisions of subtitle A as the Secretary may by forms and regulations prescribe, and shall include in the return the names and addresses of the individuals who would be entitled to share in the taxable income if distributed and the amount of the distributive share of each individual.

agree with the holding of *Kelley* (see *Siben v. Commissioner,* 930 F.2d 1034 (2d Cir., 1991), affg. a Memorandum Opinion of this Court; *Fehlhaber v. Commissioner,* 94 T.C. 863 (1990) (Court reviewed), on appeal (11th Cir., Oct. 15, 1990), *Kelley* is not controlling because of the material difference in the statutory language applicable to partnerships under section 6031. As respondent's brief notes—

the cornerstone of the Ninth Circuit's *Kelley* rationale is the existence of a statutory limitations period at the entity level; this essential element simply does not exist in the partnership context. Thus, even if one wishes to apply the *Kelley* rule to the instant case it cannot be done, for nowhere in the statutes relied on by *Kelley* in the S corporation setting does one find a comparable limitations period for partnerships.

It is well established that under the above statutory language of section 6031 relating to partnership returns, the filing of partnership returns does not affect the 3-year statute of limitations applicable to individual partners of the partnerships. In *Durovic v. Commissioner,* 487 F.2d 36 (7th Cir. 1973), affg. on this issue 54 T.C. 1364 (1970), the Seventh Circuit addressed this precise issue and held that—

The filing of an informational partnership return, upon which no assessment can be made within the meaning of 26 U.S.C. §6501, could not begin the running of the statute of limitations. * * * [487 F.2d at 40.]

More recently, in *Siben v. Commissioner,* 930 F.2d 1034 (2d Cir. 1991), affg. a Memorandum Opinion of this Court, the Second Circuit followed *Durovic* and explained as follows:

Petitioners argue that the similarity between the tax treatment of partnerships and S corporations should lead us to the same conclusion as the *Kelley* court. However, petitioners acknowledge that the quoted language of §6037 relating to S corporations has no counterpart in the partnership provisions at issue here. As we have previously observed, "as long as the sections of the Code governing subchapter S corporations differ from the partnership provisions, we are obliged to apply those sections differently, and taxpayers will gain or lose from those differences as the case may be." *Ketchum v. Commissioner,* 697 F.2d 466, 471 (2d Cir. 1982). Thus, even if we agreed that §6501(a) was ambiguous, *Kelley* would not govern the statute of limitations applicable to the partnership adjustments at issue in this case. [*Siben v. Commissioner,* 930 F.2d at 1037.]

As the Supreme Court stated in *Automobile Club v. Commissioner*, 353 U.S. 180 (1957), information returns generally "lack the data necessary for the computation and assessment of deficiencies and are not therefore tax returns within the contemplation of [the predecessor to section 6501(a)]." 353 U.S. at 188.

Petitioners contend that the entity-level partnership provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), sec. 407, Pub. L. 97-248, 96 Stat. 670, support their position that the 3-year statute of limitations should apply at the partnership level, even though the TEFRA partnership provisions were not made effective until 1982. In the legislative history of the TEFRA partnership provisions, however, the pre-TEFRA law was discussed, and petitioners' interpretation thereof was expressly criticized as follows:

> Since a partnership is a conduit rather than a taxable entity, adjustments in tax liability may not be made at the partnership level. Rather, adjustments are made to each partner's income tax return at the time that return is audited. * * *
>
> In the case of a partnership, the income tax return of each of the partners begins that individual partner's period of limitations. Except in the case of Federally registered partnerships, the date of filing of the partnership return does not affect the individual partner's period of limitations. In order to extend the period of limitations with respect to partnership items, the IRS is required to obtain a consent for extension of the statute of limitations from each of the partners—not the partnership. * * *
>
> [H. Rept. 97-760 (Conf.), at 599 (1982), 1982-2 C.B. 600, 662.]

For the reasons stated, petitioners' motion to vacate and revise our prior opinion herein will be denied.

*An appropriate order will be issued.*