FRANCIS C. MAXFIELD AND RETA R. MAXFIELD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maxfield
Docket No. 25396-85
United States Tax Court
T.C. Memo 1992-487; 1992 Tax Ct. Memo LEXIS 504; 64 T.C.M. (CCH) 601; August 25, 1992, Filed *504 An appropriate order will be issued. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Robert A. Varra and Sara J. Barkley. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment, respondent's cross-motion for partial summary judgment, and petitioners' supplemental motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in income tax against Francis and Reta Maxfield (petitioners) for the taxable years, and in the amounts, set forth below: Tax Year Ended
Deficiency
December 31, 1978
$ 7,174
December 31, 1979
19,366
December 31, 1980
19,377
December 31, 1981
20,419
A notice of deficiency was mailed to petitioners on April 11, 1985. Petitioners resided in Grand *505 Junction, Colorado, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Sierra Vista, Limited (Sierra Vista), a limited partnership, for *506 the taxable year ending December 31, 1978. On April 15, 1979, petitioners filed their 1978 individual income tax return. On or about June 25, 1979, Sierra Vista filed its 1978 partnership information return. On December 8, 1981, and on December 2, 1983, petitioners executed Form 872 and Form 872-A, respectively, thereby extending the time to assess individual income tax against petitioners for the taxable year 1978. No consent to extend the time to assess tax was entered into with respect to Sierra Vista's partnership information return. Petitioners were validly subscribed members of Technology Oil & Gas Associates (Technology), a limited partnership, for the taxable years ending December 31, 1979, December 31, 1980, and December 31, 1981. On April 15, 1980, April 15, 1981, and April 27, 1982, petitioners filed their 1979, 1980, and 1981 individual income tax returns, respectively. Technology timely filed its 1979, 1980, and 1981 partnership information returns. On February 22, 1983, and on December 2, 1983, petitioners executed Form 872 and Form 872-A, respectively, thereby extending the time to assess individual income tax against petitioners for the taxable year 1979. *507 On December 23, 1983, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1980. No consent to extend the time to assess tax was entered into with respect to Technology's partnership information returns. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for any of the taxable years at issue. Consequently, as of April 11, 1985, the period of limitations upon assessment had not expired with respect to petitioners' taxable years 1978 through 1981, inclusive. [3] Conversely, as of April 11, 1985, more than 3 years had elapsed since the filing of Sierra Vista's 1978 partnership information return, and since the filing of Technology's 1979 and 1980 partnership information returns. [4]
*508 On June 12, 1991, petitioners and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters (the Closing Agreement) regarding petitioners' distributive share of losses, deductions, and credits attributable to petitioners' interest in Sierra Vista. Implementation of the Closing Agreement was contingent, however, upon a final determination that the period of limitations upon assessment had not expired with respect to petitioners' distributive share of losses from Sierra Vista prior to the issuance of the notice of deficiency. On May 28, 1991, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from Sierra Vista prior to the issuance of the notice of deficiency. On June 24, 1991, respondent filed a cross-motion for partial summary judgment asserting that all issues relating to petitioners' interest in Sierra Vista had been resolved in the Closing Agreement, and that a decision should be entered in accordance with the terms thereof. On December 26, 1991, petitioners filed a supplemental motion for summary judgment asserting *509 that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Technology prior to the issuance of the notice of deficiency. [5]
OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information *510 return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive *511 share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment and supplemental motion for summary judgment will be denied; *512 in accordance with the terms of the Closing Agreement, respondent's cross-motion for partial summary judgment will be granted. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. ↩
2. The taxable years at issue antedate the enactment of secs. 6221-6232 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. Petitioners did not execute a Form 872 or Form 872-A for the taxable year 1981; however, the notice of deficiency was mailed within 3 years of the date petitioners filed their 1981 individual income tax return. ↩
4. The notice of deficiency was mailed to petitioners within 3 years from the date Technology was required to file its 1981 partnership return.↩
5. Petitioners' initial motion for summary judgment relates exclusively to the adjustments to income attributable to Sierra Vista, and petitioners' supplemental motion for summary judgment relates exclusively to the adjustments to income attributable to Technology. Consequently, petitioners' motions for summary judgment are properly viewed as motions for partial summary judgment.↩