ALAN B. HARP AND SUE S. HARP; TOM M. HAYNES AND ERNESTINA A. HAYNES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harp
Docket No. 33225-83
United States Tax Court
T.C. Memo 1992-491; 1992 Tax Ct. Memo LEXIS 519; 64 T.C.M. (CCH) 615; September 1, 1992, Filed *519 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in income tax against Alan B. and Sue S. Harp (petitioners Harp) for the taxable year ending December 31, 1979, in the amount of $ 26,614.19. Respondent determined a deficiency in income tax against Tom M. and Ernestina A. Haynes (petitioners Haynes) for the taxable year ending December 31, 1979, in the amount of $ 24,046. *520 A notice of deficiency was mailed to petitioners Harp on October 3, 1983, and to petitioners Haynes on August 29, 1983. Petitioners Harp and petitioners Haynes resided in Houston, Texas, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners Harp and petitioners Haynes were validly subscribed members of Winston Realty, Ltd. (Winston Realty), a limited partnership, for the taxable *521 year ending December 31, 1979. On June 6, 1980, petitioners Haynes filed their 1979 individual income tax return. On October 15, 1980, petitioners Harp filed their 1979 individual income tax return. On January 14, 1981, Winston Realty filed its 1979 partnership information return. [3] On April 29, 1983, petitioners Haynes executed a Form 872, thereby extending through September 29, 1983, the time to assess individual income tax against petitioners Haynes for the taxable year 1979. No consent to extend the time to assess tax was entered into with respect to Winston Realty's partnership information return. As of October *522 3, 1983, the date a notice of deficiency was mailed to petitioners Harp, the period of limitations upon assessment had not expired with respect to petitioners Harp's taxable year 1979. As of August 29, 1983, the date a notice of deficiency was mailed to petitioners Haynes, the period of limitations upon assessment had not expired with respect to petitioners Haynes' taxable year 1979. The notices of deficiency were mailed to petitioners Harp and to petitioners Haynes within 3 years from the date Winston Realty filed its 1979 partnership information return. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from Winston Realty prior to the issuance of the notice of deficiency. OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period *523 of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , *524 we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will *525 be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 14, 1980, Winston Realty applied for an extension of time to file its 1979 partnership information return to June 15, 1980. Winston Realty's partnership information return was signed and dated June 14, 1980. The record contains no explanation for the lapse of time between the signing of Winston Realty's partnership information return on June 14, 1980, and its filing on Jan. 14, 1981.↩