ROBERT C. ANDERSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anderson
Docket No. 13096-83
United States Tax Court
T.C. Memo 1992-502; 1992 Tax Ct. Memo LEXIS 521; 64 T.C.M. (CCH) 631; September 2, 1992, Filed *521 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioner's motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, and an addition to, Robert C. Anderson's (petitioner) Federal income tax for the taxable year, and in the amounts, set forth below: Addition to Tax
Tax Year Ended
Deficiency
Sec. 6653(a)
December 31, 1979
$ 42,993
$ 2,150
*522 A notice of deficiency was mailed to petitioner on February 25, 1983. Petitioner resided in Denver, Colorado, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioner was a validly subscribed member of Camel Fuel & Investment Co. (Camel Fuel), a limited partnership, for the taxable year ending December 31, 1979. On April 15, 1980, petitioner filed his 1979 individual income tax *523 return. Camel Fuel timely filed its 1979 partnership information return. Consequently, as of February 25, 1983, the period of limitations upon assessment had not expired with respect to petitioner's taxable year 1979, and 3 years had not yet elapsed since the filing of Camel Fuel's 1979 partnership information return. On February 21, 1992, petitioner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to his distributive share of losses, deductions, and credits from Camel Fuel prior to the issuance of the notice of deficiency. [3]
*524 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioner contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioner's 1979 individual income tax return and Camel Fuel's 1979 partnership information return were filed on April 15, 1980. A notice of deficiency was mailed to petitioner on February 25, 1983. As of February 25, 1983, fewer than 3 years had elapsed since the filing of petitioner's and Camel Fuel's 1979 returns. Consequently, pursuant to section 6501(a), petitioner's *525 motion for summary judgment is without merit as a matter of law regardless of whether the period of limitations is controlled by the filing of Camel Fuel's partnership information return or by the filing of petitioner's individual income tax return. [4]
In accordance with section 6501(a), petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 28, 1992, petitioner filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioner represents that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioner's motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩
4. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also , affg. ; , affg. on this issue .↩