PAUL S. COLLIER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collier
Docket No. 19286-85
United States Tax Court
T.C. Memo 1992-498; 1992 Tax Ct. Memo LEXIS 525; 64 T.C.M. (CCH) 625; September 2, 1992, Filed *525 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioner: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, increased interest on, and additions to, Paul S. Collier's (petitioner) Federal income tax for the taxable year ending December 31, 1981, in the amounts set forth below: Increased Interest and
Additions to Tax
Sec.
Sec.
Sec.
Deficiency
6621(c)
6653(a)(1)
6653(a)(2)
$ 19,428.52
[5]
$ 971.42
[6]
*526 A notice of deficiency was mailed to petitioner on March 21, 1985. Petitioner resided in San Mateo, California, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
*527 FINDINGS OF FACT Petitioner was a validly subscribed member of Alpha VIII Real Estate (Alpha VIII), a limited partnership, for the taxable year ending December 31, 1981. On June 21, 1982, petitioner filed his 1981 individual income tax return. Alpha VIII timely filed its 1981 partnership information return. Consequently, as of March 21, 1985, the period of limitations upon assessment had not expired with respect to petitioner's taxable year 1981, and 3 years had not yet elapsed since the filing of Alpha VIII's 1981 partnership information return. On April 13, 1992, petitioner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to his distributive share of losses, deductions, and credits from Alpha VIII prior to the issuance of the notice of deficiency. [3]
*528 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioner contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioner's 1981 individual income tax return was filed on June 21, 1982, and Alpha VIII's 1981 partnership information return was filed on April 15, 1982. A notice of deficiency was mailed to petitioner on March 21, 1985. As of March 21, 1985, fewer than 3 years had elapsed since the filing of petitioner's and Alpha VIII's 1981 returns. Consequently, pursuant to section *529 6501(a), petitioner's motion for summary judgment is without merit as a matter of law regardless of whether the period of limitations is controlled by the filing of Alpha VIII's partnership information return or by the filing of petitioner's individual income tax return. [4]
In accordance with section 6501(a), petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise noted, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
5. To be determined.↩
6. 50 percent of the interest due on $ 19,428.52.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 14, 1992, petitioner filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioner represents that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioner's motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩
4. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also , affg. ; , affg. on this issue .↩