JOHN D. REEVE AND JERRY S. REEVE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reeve v. Commissioner
Docket No. 547-85
United States Tax Court
T.C. Memo 1992-511; 1992 Tax Ct. Memo LEXIS 529; 64 T.C.M. (CCH) 655; September 3, 1992, Filed *529 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in income tax against John D. and Jerry S. Reeve (petitioners) for the taxable years, and in the amounts, set forth below: Tax Year Ended
Deficiency
December 31, 1976
$ 39,390.42
December 31, 1977
1,768.00
December 31, 1978
43,329.66
December 31, 1979
74,557.40
December 31, 1980
34,200.90
*530 A notice of deficiency was mailed to petitioners on October 11, 1984. Petitioners resided in Houston, Texas, at the time the petition herein was filed. The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Alpha II Real Estate (Alpha II), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. On June 13, 1980, and on October 16, 1981, petitioners *531 filed their 1979 and 1980 individual income tax returns, respectively. Alpha II timely filed its 1979 and 1980 partnership information returns. On April 11, 1983, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1979. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable years at issue. Consequently, as of October 11, 1984, the period of limitations upon assessment had not expired with respect to petitioners' taxable years 1979 and 1980. Conversely, as of October 11, 1984, more than 3 years had elapsed since the filing of Alpha II's 1979 and 1980 partnership information returns. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon *532 assessment had expired with respect to their distributive share of losses from Alpha II prior to the issuance of the notice of deficiency. OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [3] Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners cite , *533 revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. *534 , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, and with mutual concessions made by the parties, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. Petitioners and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters which resolved all substantive issues relating to the adjustments asserted in the notice of deficiency.↩