GENE R. SWARNER AND JOYCE C. SWARNER; KEY MAPS, INCORPORATED, [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Swarner v. Commissioner
Docket No. 12977-86
United States Tax Court
T.C. Memo 1992-519; 1992 Tax Ct. Memo LEXIS 548; 64 T.C.M. (CCH) 677; September 8, 1992, Filed *548 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners Swarner's motion for summary judgment filed pursuant to Rule 121. [2] Respondent determined deficiencies in Gene R. and Joyce C. Swarner's (petitioners Swarner) Federal income taxes for the taxable years ending December 31, 1976, and December 31, 1979, in the amounts of $ 311 and $ 7,867, respectively. [3] A notice of deficiency was mailed to petitioners Swarner on February 5, 1986. Petitioners Swarner resided in Tucson, Arizona, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's *549 distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [4]
FINDINGS OF FACT Petitioners Swarner were validly *550 subscribed members of Salmon Realty Ltd. (Salmon Realty), a limited partnership, for the taxable year ending December 31, 1979. On April 15, 1980, petitioners Swarner filed their 1979 individual income tax return. Salmon Realty timely filed its 1979 partnership information return. On October 22, 1982, petitioners Swarner executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Swarner for the taxable year 1979. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Petitioners Swarner executed a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, on December 20, 1985. Respondent received the notice of termination on December 24, 1985. As of February 5, 1986, the date a notice of deficiency was mailed to petitioners Swarner, fewer than 90 days had passed since respondent's receipt of the notice of termination; consequently, the period *551 of limitations upon assessment had not expired with respect to petitioners Swarner's taxable year 1979. Conversely, as of February 5, 1986, more than 3 years had elapsed since the filing of Salmon Realty's 1979 partnership information return. On April 13, 1992, petitioners Swarner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Salmon Realty prior to the issuance of the notice of deficiency. [5]
*552 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [6] Petitioners Swarner contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that, as to petitioners Swarner, there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). *553 Petitioners Swarner cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. *554 Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners Swarner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. The motion for summary judgment was ostensibly filed on behalf of both petitioners Swarner and petitioner Key Maps, Incorporated; however, Mr. O'Donnell, who signed the motion for summary judgment, had previously withdrawn as counsel of record for petitioner Key Maps, Incorporated. Consequently, the motion for summary judgment is viewed as relating exclusively to petitioners Swarner.↩
2. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue. ↩
3. In her answer, respondent asserts that a portion of the deficiencies constitute a substantial underpayment attributable to a tax-motivated transaction and, therefore, is subject to the increased rate of interest provided for in sec. 6621(d). ↩
4. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
5. On Apr. 15, 1992, petitioners Swarner filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners Swarner represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been entered into with petitioners Swarner. Consequently, petitioners Swarner's motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩
6. The deficiency for the taxable year 1976, which is attributable to the disallowance of petitioners Swarner's investment tax credit carryback from the taxable year 1979, may be assessed at any time before the expiration of the period within which the deficiency for the taxable year 1979 may be assessed. See sec. 6501(h).↩