C. STEPHEN WHERRY AND VIRGINIA LEE WHERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wherry v. Commissioner
Docket No. 10603-86
United States Tax Court
T.C. Memo 1992-526; 1992 Tax Ct. Memo LEXIS 541; 64 T.C.M. (CCH) 691; September 8, 1992, Filed *541 An appropriate order will be issued, and decision will be entered under Rule 55. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Robert A. Varra
WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment and respondent's cross-motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, and increased interest on, C. Stephen and Virginia Lee Wherry's (petitioners) Federal income tax for the taxable year ending December 31, 1977, in the amounts set forth below: Increased Interest
Deficiency
Sec. 6621(c)
$ 7,512
[1]
*542 A notice of deficiency was mailed to petitioners on January 16, 1986. Petitioners resided in Boulder, Colorado, at the time the petition herein was filed. After mutual concessions made by the parties, the sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Great Plains Coal Company (Great Plains), a limited partnership, for the taxable year ending December 31, 1977. On April 15, *543 1978, petitioners filed their 1977 individual income tax return. Great Plains timely filed its 1977 partnership information return. On January 4, 1981, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1977. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable year at issue. Consequently, as of January 16, 1986, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1977. Conversely, as of January 16, 1986, more than 3 years had elapsed since the filing of Great Plains' 1977 partnership information return. On December 30, 1991, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with *544 respect to their distributive share of losses from Great Plains prior to the issuance of the notice of deficiency. On February 14, 1992, respondent filed a cross-motion for summary judgment asserting that, except for petitioners' contention regarding the period of limitations upon assessment, all issues relating to petitioners' interest in Great Plains had been resolved through mutual concessions made by the parties. [3]
OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. *545 Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period *546 of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating *547 thereto. In accordance with the holding set forth above, and with mutual concessions made by the parties, An appropriate order will be issued, and decision will be entered under Rule 155. Footnotes
1. To be determined. ↩
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. Respondent conceded that sec. 6621(d) was inapplicable, and petitioners conceded that distributive losses from Great Plains were nondeductible.↩