FREDERICK PALMIERI AND JOAN PALMIERI; JACK OLSHANSKY AND SHIRLEY OLSHANSKY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palmieri v. Commissioner
Docket No. 17018-84
United States Tax Court
T.C. Memo 1992-528; 1992 Tax Ct. Memo LEXIS 539; 64 T.C.M. (CCH) 694; September 8, 1992, Filed *539 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell
For Respondent: Randall L. Preheim WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in income tax against Frederick and Joan Plamieri (petitioners Palmieri) for the taxable year ending December 31, 1979, in the amount of $ 25,260. Respondent determined deficiencies in income tax against Jack and Shirley Olshansky (petitioners Olshansky) for the taxable years ending December 31, 1979, and December 31, 1980, in the amounts of $ 26,173.10 and $ 17,825.01, respectively. *540 A notice of deficiency was mailed to petitioners Palmieri on March 28, 1984, and to petitioners Olshansky on March 2, 1984. Petitioners Palmieri resided in Metuchen, New Jersey, and petitioners Olshansky resided in Oakland, California, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners Palmieri were validly subscribed members of Xanadu Realty, Ltd. (Xanadu Realty), a limited *541 partnership, for the taxable year ending December 31, 1979. Petitioners Olshansky were validly subscribed members of Xanadu Realty for the taxable years ending December 31, 1979, and December 31, 1980. On April 15, 1980, petitioners Palmieri filed their 1979 individual income tax return. On April 15, 1980, and on April 15, 1981, petitioners Olshansky filed their 1979 and 1980 individual income tax returns, respectively. On October 17, 1980, and on April 15, 1981, Xanadu Realty filed its 1979 and 1980 partnership information returns, respectively. On September 29, 1982, petitioners Palmieri executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Palmieri for the taxable year 1979. On October 29, 1982, petitioners Olshansky executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Olshansky for the taxable year 1979. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice *542 of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable year 1979. Consequently, as of March 28, 1984, the date a notice of deficiency was mailed to petitioners Palmieri, the period of limitations upon assessment had not expired with respect to petitioners Palmieri's taxable year 1979. Similarly, as of March 2, 1984, the date a notice of deficiency was mailed to petitioners Olshansky, the period of limitations upon assessment had not expired with respect to petitioners Olshansky's taxable years 1979 and 1980. As of March 2, 1984, more than 3 years had elapsed since Xanadu Realty filed its 1979 partnership information return, but less than 3 years had elapsed since Xanadu Realty filed its 1980 partnership information return. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from Xanadu Realty prior to the issuance of the notices of deficiency. [3]
*543 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). As a preliminary matter, we note that petitioners Olshansky's 1980 individual income tax return and Xanadu Realty's 1980 partnership information return were filed on April 15, 1981. A notice of deficiency was mailed to petitioners Olshansky on March 2, 1984. As of March 2, 1984, less than 3 years had elapsed since the filing of petitioners Olshansky's and Xanadu Realty's *544 1980 returns. Consequently, pursuant to section 6501(a), the motion for summary judgment will be denied with respect to petitioners Olshansky's taxable year 1980. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information *545 return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with section 6501(a), and with the holding set forth above, petitioners' motion for summary judgment will *546 be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 11, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩