WASHINGTON M. WHITESIDES AND MARY F. WHITESIDES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitesides v. Commissioner
Docket No. 34723-86
United States Tax Court
T.C. Memo 1992-549; 1992 Tax Ct. Memo LEXIS 570; 64 T.C.M. (CCH) 766; September 16, 1992, Filed *570 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in, increased interest on, and additions to, Washington M. and Mary F. Whitesides' (petitioners) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest and Additions to Tax
Tax Year
Sec.
Sec.
Sec.
Sec.
Ended
Deficiency
6621(c)
6653(a)
6653(a)(1)
6653(a)(2)
12/31/79
$ 37,114.53
[1]
$ 1,855.73
--    --
12/31/80
5,841.00
[1]
292.05
--    --
12/31/81
22,023.00
[1]
--  $ 1,101.15
[1]
*571 A notice of deficiency was mailed to petitioners on May 28, 1986. Petitioners resided in Houston, Texas, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2] Petitioners allege that a partnership information return was filed for, and that the motion for summary judgment relates to, each of the taxable years at issue; respondent alleges that no partnership information return was filed for the taxable year 1981, and that the motion for summary judgment relates exclusively to the taxable *572 years 1979 and 1980. FINDINGS OF FACT Petitioners were validly subscribed members of Winston Realty, Ltd. (Winston Realty), a limited partnership, for the taxable years ending December 31, 1979, December 31, 1980, and December 31, 1981. On April 15, 1980, April 15, 1981, and April 15, 1982, petitioners filed their 1979, 1980, and 1981 individual income tax returns, respectively. Winston Realty filed its 1979 and 1980 partnership information returns on January 14, 1981, and May 21, 1981, respectively. [3] On November 15, 1982, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1979. On November 25, 1983, petitioners executed a Form *573 872, thereby extending through April 15, 1985, the time to assess individual income tax against petitioners for the taxable year 1980. On December 17, 1984, petitioners executed a Form 872-A, thereby further extending the time to assess individual income tax against petitioners for the taxable year 1980. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable *574 period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable years at issue. Consequently, as of May 28, 1986, the period of limitations upon assessment had not expired with respect to petitioners' taxable years 1979 and 1980. Conversely, as of May 28, 1986, more than 3 years had elapsed since the filing of Winston Realty's 1979 and 1980 partnership information returns. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Winston Realty prior to the issuance of the notice of deficiency. OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [4] Petitioners contend that the period of limitations is controlled by the filing of the partnership's information *575 return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. As a preliminary matter, we note that neither petitioners nor respondent substantiated their respective allegations that Winston Realty had or had not filed a 1981 partnership information return. Petitioners' contention that the applicable period of limitations is controlled by the filing of the partnership's information return is premised upon the assumption that a partnership information return was filed in the first instance; based upon the record before us, we are unable to determine whether Winston Realty filed its 1981 partnership information return, and, if so, when. Therefore, petitioners have failed to prove the essential premise upon *576 which their motion for summary judgment was filed; in view of this ambiguity, we decline to rule on petitioners' motion for summary judgment as to the taxable year 1981. As to the taxable years 1979 and 1980, petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to an S corporation's information return when the period of limitations had run as to the S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , *577 we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion *578 for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
1. To be determined.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. In the amended petition, petitioners allege that Winston Realty timely filed a 1981 partnership information return; in the answer to amendment to petition, respondent denies petitioners' allegation, and alleges that Winston Realty did not file a 1981 partnership information return. Neither petitioners nor respondent submitted supporting affidavits or other evidence to substantiate their respective allegations.↩
4. Petitioners and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters which resolved all remaining substantive issues relating to petitioners' taxable years 1979, 1980, and 1981.↩