STANLEY F. DAKOLIOS AND I. HELEN DAKOLIOS; HARRY P. SIDLES AND BEVERLY J. SIDLES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dakolios
Docket No. 26114-83
United States Tax Court
T.C. Memo 1992-495; 1992 Tax Ct. Memo LEXIS 515; 64 T.C.M. (CCH) 621; September 1, 1992, Filed *515 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioner's motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in income tax against Stanley F. and I. Helen Dakolios (petitioners Dakolios) for the taxable year ending December 31, 1979, in the amount of $ 11,838. Respondent determined a deficiency in, and an addition to, Harry P. and Beverly J. Sidles' (petitioners Sidles) income tax for the taxable year, and in the amounts, set forth below: Addition to Tax
Tax Year Ended
Deficiency
Sec. 6653(a)
December 31, 1979
$ 18,446.14
$ 922.31
*516 A notice of deficiency was mailed to petitioners Dakolios on June 30, 1983, and to petitioners Sidles on July 28, 1983. Petitioners Dakolios resided in Longmont, Colorado, and petitioners Sidles resided in Denver, Colorado, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Cocahol Land II, Ltd. (Cocahol Land), a limited partnership, for *517 the taxable year ending December 31, 1979. On July 30, 1980, petitioners Dakolios filed their 1979 individual income tax return. On July 29, 1980, petitioners Sidles filed their 1979 individual income tax return. Cocahol Land timely filed its 1979 partnership information return. No consent to extend the time to assess tax was entered into with respect to petitioners' 1979 individual income tax returns, or with respect to Cocahol Land's 1979 partnership information return. Consequently, as of June 30, 1983, the date a notice of deficiency was mailed to petitioners Dakolios, the period of limitations upon assessment had not expired with respect to petitioners Dakolios' taxable year 1979. Similarly, as of July 28, 1983, the date a notice of deficiency was mailed to petitioners Sidles, the period of limitations upon assessment had not expired with respect to petitioners Sidles' taxable year 1979. Conversely, as of June 30, 1983, more than 3 years had elapsed since the filing of Cocahol Land's 1979 partnership information return. On April 24, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to *518 their distributive share of losses from Cocahol Land prior to the issuance of the notices of deficiency. [3]
*519 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information *520 return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also ,affg. on this issue . We consider , and , to be dispositive of this issue; consequently, *521 we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 28, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that petitioners Dakolios have not executed either a stipulation of settled issues or a closing agreement, and that petitioners Sidles have not executed either a stipulation of settled issues or a closing agreement with respect to the nonpartnership adjustments determined in the notice of deficiency. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩