TOM M. HAYNES AND ERNESTINA A. HAYNES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haynes v. Commissioner
Docket No. 25887-84
United States Tax Court
T.C. Memo 1992-507; 1992 Tax Ct. Memo LEXIS 533; 64 T.C.M. (CCH) 648; September 3, 1992, Filed *533 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in Federal income tax against Tom M. and Ernestina A. Haynes (petitioners) for the taxable year ending December 31, 1980, in the amount of $ 16,492.29. *534 A notice of deficiency was mailed to petitioners on April 20, 1984. Petitioners resided in Houston, Texas, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Winston Realty, Ltd. (Winston Realty), a limited partnership, for the taxable year ending December 31, 1980. On August 12, 1981, petitioners filed their 1980 individual income tax *535 return. Winston Realty filed its 1980 partnership information return on May 21, 1981. Consequently, as of April 20, 1984, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1980, and 3 years had not yet elapsed since the filing of Winston Realty's 1980 partnership information return. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Winston Realty prior to the issuance of the notice of deficiency. [3]
*536 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners' 1980 individual income tax return was filed on August 12, 1981, and Winston Realty's 1980 partnership information return was filed on May 21, 1981. A notice of deficiency was mailed to petitioners on April 20, 1984. As of April 20, 1984, fewer than 3 years had elapsed since the filing of petitioners' and Winston Realty's 1980 returns. Consequently, pursuant to section 6501(a), petitioners' motion for summary judgment is without merit as a matter of law regardless of whether the period of limitations is controlled by the filing of Winston Realty's partnership information return *537 or by the filing of petitioners' individual income tax return. [4]
In accordance with section 6501(a), petitioner's motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 11, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction. " In the notice of objection to motion for summary judgment, respondent states that, on March 17, 1992, petitioners executed a Form 906 Closing Agreement resolving all genuine issues of material fact regarding the substantive merits of the case.↩
4. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. See also , affg. ; , affg. on this issue .↩