TIMOTHY P. O'BRIEN AND PHYLLIS R. O'BRIEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Brien v. Commissioner
Docket No. 17852-88
United States Tax Court
T.C. Memo 1992-513; 1992 Tax Ct. Memo LEXIS 527; 64 T.C.M. (CCH) 658; September 3, 1992, Filed *527 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in, increased interest on, and additions to, Timothy P. and Phyllis R. O'Brien's (petitioners) Federal income tax for the taxable year ending December 31, 1981, in the amounts set forth below: Increased Interest and Additions to Tax
Sec.
Sec.
Sec.
Sec.
Deficiency
6621(c)
6653(a)(1)
6653(a)(2)
6659
$ 1,762
[4]
$ 88
[5]
$ 529
*528 A notice of deficiency was mailed to petitioners on April 12, 1988. Petitioners resided in Vernal, Utah, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of J & B Partnership "A", Ltd. (J & B), a limited partnership, for the taxable year ending December 31, 1981. On April 15, 1982, petitioners filed their 1981 individual income tax return. *529 J & B filed its 1981 partnership information return on July 20, 1982. On October 17, 1984, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1981. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners, nor mailed a notice of termination to petitioners, for the taxable year at issue. Consequently, as of April 12, 1988, the period of limitations upon assessment had not expired with respect to petitioners' taxable year 1981. Conversely, as of April 12, 1988, more than 3 years had elapsed since the filing of J & B's 1981 partnership information return. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from *530 J & B prior to the issuance of the notice of deficiency. [3]
OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information *531 return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining *532 the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements *533 relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue. ↩
4. To be determined. ↩
5. 50 percent of the interest due on $ 1,762.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 16, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩