ALAN B. HARP AND SUE S. HARP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harp v. Commissioner
Docket No. 36807-85
United States Tax Court
T.C. Memo 1992-506; 1992 Tax Ct. Memo LEXIS 534; 64 T.C.M. (CCH) 646; September 3, 1992, Filed *534 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in, increased interest on, and additions to, Alan B. and Sue S. Harp's (petitioners) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
and Additions to Tax
Sec.
Sec.
Sec.
Taxable Year Ended
Deficiency
6621(c)
6653(a)(1)
6653(a)(2)
December 31, 1980
$ 56,674.82
[1]
$ 2,833.74
--
December 31, 1981
123,701,38
[1]
$ 6,185.07
[2] *535 A notice of deficiency was mailed to petitioners on June 28, 1985. Petitioners resided in Houston, Texas, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
*536 FINDINGS OF FACT Petitioners were validly subscribed members of Winston Realty, Ltd. (Winston Realty), a limited partnership, and Delta Realty, Ltd. (Delta Realty), a limited partnership, for the taxable years ending December 31, 1980, and December 31, 1981. Petitioners filed their 1980 and 1981 individual income tax returns on October 15, 1981, and October 15, 1982, respectively. Winston Realty filed its 1980 partnership information return on May 21, 1981. Winston Realty did not file a 1981 partnership information return, and Delta Realty did not file a 1980 or a 1981 partnership information return. On May 21, 1984, petitioners executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners for the taxable year 1980. No consent to extend the time to assess tax was entered into with respect to Winston Realty's 1980 partnership information return. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency *537 for the applicable period. Petitioners executed a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, on November 27, 1984. Petitioners' Form 872-T was stamped "received" by the Internal Revenue Service center in Austin, Texas, on December 3, 1984. The Form 872-T was subsequently stamped "received" by the Austin service center on December 5, 1984, by the Houston district office on March 16, 1985, and by the Houston Appeals office on August 9, 1985. Respondent did not mail a notice of termination to petitioners for the taxable year 1980. On February 3, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses, deductions, and credits from Winston Realty and Delta Realty prior to the issuance of the notice of deficiency. [3]
*538 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Pursuant to Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." ; . A partial summary adjudication may be made which does not dispose of all the issues in the case. Rule 121(b). The moving party bears the burden *539 of proving that no genuine issue exists as to any material fact, and that he is entitled to judgment on the substantive issues as a matter of law. . As a preliminary matter, we note that there is a genuine issue as to a material fact relating to the period of limitations upon assessment applicable to petitioners' 1980 individual income tax return. Petitioners filed a Form 872-T with the Internal Revenue Service center in Austin, Texas, on December 3, 1984. The Form 872-T was subsequently stamped "received" by the Houston district office on March 16, 1985, and by the Houston Appeals office on August 9, 1985. The notice of deficiency was mailed to petitioners on June 28, 1985, more than 90 days after the Form 872-T was received by the Austin Service center and by the Houston district office, but before the Form 872-T was received by the Houston Appeals office. It is unclear from the record whether petitioners' 1980 individual income tax return was under consideration by the Houston district office or by the Houston Appeals office at the time petitioners' Form 872-T was initially submitted. Consequently, it is *540 unclear whether the notice of deficiency was issued on or before the 90th day after the Form 872-T was received by the Internal Revenue Service office considering petitioners' case. While the period of limitations upon assessment applicable to petitioners' 1980 individual income tax return is not the precise issue before the Court, we nevertheless consider this to be a material fact and would deny petitioners' motion for summary judgment accordingly. As to the taxable year ending December 31, 1981, petitioners filed their 1981 individual income tax return on October 15, 1982. Neither Winston Realty nor Delta Realty filed 1981 partnership information returns. As of June 28, 1985, less than 3 years had elapsed since the filing of petitioners' 1981 return. Consequently, with respect to the taxable year ending December 31, 1981, petitioners' motion for summary judgment is without merit as a matter of law. See sec. 6501(a). As to Winston Realty's 1980 partnership information return, petitioners cite , revg. and remanding , as authority for the proposition that the period of *541 limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was *542 controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with Rule 121(b), section 6501(a), and the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
1. To be determined. ↩
2. 50 percent of the interest due on $ 123,701.38.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 11, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩