LOWELL V. MCDONALD AND ELBERTA M. MCDONALD; BEVERLY A. OLSON; HOWARD FRANK AND BARBARA FRANK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket No. 29999-86
United States Tax Court
T.C. Memo 1992-521; 1992 Tax Ct. Memo LEXIS 546; 64 T.C.M. (CCH) 680; September 8, 1992, Filed *546 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell
For Respondent: Randall L. Preheim WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in, and increased interest on, Lowell V. and Elberta M. McDonald's (petitioners McDonald) income tax for the taxable years, and in the amounts, set forth below: Increased Interest
Tax Year Ended
Deficiency
Sec. 6621(c)
December 31, 1979
$ 9,594
n1
December 31, 1980
$ 8,980
n1
*547 Respondent determined deficiencies in, and increased interest on, Howard and Barbara Frank's (petitioners Frank) income tax for the taxable years, and in the amounts, set forth below: Increased Interest
Tax Year Ended
Deficiency
Sec. 6621(c)
December 31, 1979
$ 24,741
n1
December 31, 1980
$ 20,334
n1
Respondent determined a deficiency in, and additions to, Beverly A. Olson's (petitioner Olson) income tax for the taxable year, and in the amounts, set forth below: Additions to Tax
Sec.
Sec.
Tax Year Ended
Deficiency
6653(a)(1)
6653(a)(2)
December 31, 1982
$ 15,787.33
$ 789.37
[1]
Notices of deficiency were mailed to petitioners on April 15, 1986. Petitioners McDonald resided in Tempe, Arizona, petitioners Frank resided in Baltimore, *548 Maryland, and petitioner Olson resided in Greensboro, North Carolina, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners McDonald were validly subscribed members of General Investment Group (General Investment), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. Petitioners McDonald filed their 1979 and 1980 individual income tax *549 returns on June 5, 1980, and May 21, 1981, respectively. General Investment filed its 1979 and 1980 partnership information returns on October 16, 1980, and October 15, 1981, respectively. On February 11, 1983, and November 23, 1983, petitioners McDonald executed Forms 872-A, thereby extending the time to assess individual income tax against petitioners McDonald for the taxable years 1979 and 1980, respectively. On June 23, 1988, petitioners McDonald filed a Stipulation of Settlement and Agreement to Assessment with the Court stipulating deficiencies in income tax for the taxable years 1979 and 1980 in the amounts of $ 6,651 and $ 5,562, respectively. Petitioners Frank were validly subscribed members of Consolidated Fuel & Realty Co. (Consolidated Fuel), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. Petitioners Frank filed their 1979 and 1980 individual income tax returns on April 30, 1980, and April 15, 1981, respectively. Consolidated Fuel timely filed its 1979 and 1980 partnership information returns. On January 29, 1983, and September 26, 1983, petitioners Frank executed Forms 872-A, thereby extending the time to assess individual *550 income tax against petitioners Frank for the taxable years 1979 and 1980, respectively. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners,(2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent did not receive a notice of termination from either petitioners McDonald or petitioners Frank, nor did respondent mail a notice of termination to petitioners McDonald or petitioners Frank, for the taxable years 1979 and 1980. Consequently, as of April 15, 1986, the period of limitations upon assessment had not expired with respect to petitioners McDonald's and petitioners Frank's taxable years 1979 and 1980. Conversely, as of April 15, 1986, more than 3 years had elapsed since the filing of General Investment's and Consolidated Fuel's 1979 and 1980 partnership information returns. Petitioner Olson was a validly subscribed member of Aspen Synthetic Fuels, Ltd. (Aspen Synthetic), a limited partnership, for the taxable year ending December 31, 1982. Petitioner Olson *551 filed her 1982 individual income tax return on April 15, 1983. Aspen Synthetic timely filed its 1982 partnership information return. No consent to extend the time to assess tax was entered into with respect to petitioner Olson's 1982 individual income tax return, or with respect to Aspen Synthetic's 1982 partnership information return. Consequently, as of April 15, 1986, the date a notice of deficiency was mailed to petitioner Olson, the period of limitations upon assessment had not expired with respect to petitioner Olson's taxable year 1982, and 3 years had not yet elapsed since the filing of Aspen Synthetic's 1982 partnership information return. On April 13, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from General Investment, Consolidated Fuel, and Aspen Synthetic prior to the issuance of the notices of deficiency. [3]
*552 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that, as to petitioners Frank and petitioner Olson, there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. As a preliminary matter, we note that petitioners McDonald filed a Stipulation of Settlement and Agreement to Assessment with the Court on June 23, 1988, wherein petitioners McDonald stipulated specified deficiencies, and agreed to enter into a closing agreement. The stipulations are binding on petitioners McDonald, and preclude their assertion *553 that the period of limitations upon assessment had expired prior to the issuance of the notice of deficiency. In any event, their assertion is without merit. Additionally, we note that petitioner Olson's 1982 individual income tax return and Aspen Synthetic's 1982 partnership information return were filed on April 15, 1983. A notice of deficiency was mailed to petitioner Olson on April 15, 1986. As of April 15, 1986, less than 3 years had elapsed since the filing of petitioner Olson's and Aspen Synthetic's 1982 returns. Consequently, pursuant to section 6501(a), the motion for summary judgment is without merit as a matter of law as it relates to petitioner Olson. Petitioners cite , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income *554 tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , *555 to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with petitioners McDonald's Stipulation of Settlement and Agreement to Assessment filed with the Court, and with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. To be determined. To be determined.
[1]↩ Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.
1. 50 percent of the interest due on $ 15,787.33.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Apr. 14, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that petitioners Frank and petitioner Olson have not executed either a stipulation of settled issues or a closing agreement. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩