HERMAN LASKIN AND CAROL LASKIN; JOHN T. THOMPSON AND JUDITH THOMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Laskin v. Commissioner
Docket No. 25617-84
United States Tax Court
T.C. Memo 1992-529; 1992 Tax Ct. Memo LEXIS 538; 64 T.C.M. (CCH) 696; September 8, 1992, Filed *538 Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Randall L. Preheim. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in income tax against Herman and Carol Laskin (petitioners Laskin) for the taxable year ending December 31, 1980, in the amount of $ 2,155. Respondent determined deficiencies in income tax against John T. and Judith Thompson (petitioners Thompson) for the taxable years ending December 31, 1979, and December 31, 1980, in the amounts of $ 22,535 and $ 8,424, respectively. *539 A notice of deficiency was mailed to petitioners Laskin on April 13, 1984, and to petitioners Thompson on May 24, 1984. Petitioners Laskin resided in Boynton Beach, Florida, and petitioners Thompson resided in Covina, California, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners Laskin were validly subscribed members of Xanadu Realty, Ltd. (Xanadu Realty), a limited partnership, *540 for the taxable year ending December 31, 1980. Petitioners Thompson were validly subscribed members of Xanadu Realty for the taxable years ending December 31, 1979, and December 31, 1980. On April 15, 1981, petitioners Laskin filed their 1980 individual income tax return. On April 15, 1980, and on June 15, 1981, petitioners Thompson filed their 1979 and 1980 individual income tax returns, respectively. On October 17, 1980, and on April 15, 1981, Xanadu Realty filed its 1979 and 1980 partnership information returns, respectively. On August 24, 1982, petitioners Thompson executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Thompson for the taxable year 1979. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners Thompson, nor mailed a notice of termination to petitioners Thompson, for the taxable year *541 1979. Consequently, as of May 24, 1984, the date a notice of deficiency was mailed to petitioners Thompson, the period of limitations upon assessment had not expired with respect to petitioners Thompson's taxable years 1979 and 1980. Similarly, as of April 13, 1984, the date a notice of deficiency was mailed to petitioners Laskin, the period of limitations upon assessment had not expired with respect to petitioners Laskin's taxable year 1980. As of May 24, 1984, more than 3 years had elapsed since Xanadu Realty filed its 1979 and 1980 partnership information returns; as of April 13, 1984, however, less than 3 years had elapsed since Xanadu Realty filed its 1980 partnership information return. On January 31, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from Xanadu Realty prior to the issuance of the notices of deficiency. [3]
*542 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. As a preliminary matter, we note that petitioners Laskin's 1980 individual income tax return and Xanadu Realty's 1980 partnership information return were filed on April 15, 1981. A notice of deficiency was mailed to petitioners Laskin on April 13, 1984. As of April 13, 1984, less than 3 years had elapsed since the filing of petitioners Laskin's and Xanadu Realty's 1980 returns. Consequently, pursuant to section 6501(a), the motion for summary judgment will be denied with respect to petitioners Laskin's taxable year 1980. Petitioners cite , *543 revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. *544 , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with section 6501(a), and with the holding set forth above, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On Feb. 11, 1992, petitioners filed an amended petition wherein it was represented that "the parties have settled all issues on the merits of the case in a proposed Stipulation, subject to a determination of jurisdiction as requested herein." Similarly, in the motion for summary judgment, petitioners represent that "no trial on the merits is expected because the parties have executed a Stipulation, subject to jurisdiction." In the notice of objection to motion for summary judgment, however, respondent asserts that neither a stipulation of settled issues nor a closing agreement has been executed by the parties. Consequently, petitioners' motion for summary judgment is properly viewed as a motion for partial summary judgment. See Rule 121(c).↩