WILLIAM P. WILKIN AND DOROTHY E. WILKIN; DONALD M. MICHIE AND NAOMI E. MICHIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilkin v. Commissioner
Docket No. 2045-85
United States Tax Court
T.C. Memo 1992-525; 1992 Tax Ct. Memo LEXIS 542; 64 T.C.M. (CCH) 689; September 8, 1992, Filed *542 An appropriate order will be issued, and decision will be entered under Rule 55. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioners: Declan J. O'Donnell. For Respondent: Robert A. Varra. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioners' motion for summary judgment and respondent's cross-motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined a deficiency in William P. and Dorothy E. Wilkin's (petitioners Wilkin) Federal income tax for the taxable year ending December 31, 1978, in the amount of $ 33,673. Respondent determined a deficiency in Donald M. and Naomi E. Michie's (petitioners Michie) Federal income tax for the taxable year ending December 31, 1978, in the amount of $ 20,833. *543 Notices of deficiency were mailed to petitioners on October 31, 1984. Petitioners Wilkin resided in Lakewood, Colorado, and petitioners Michie resided in Golden, Colorado, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioners were validly subscribed members of Sierra Vista Company (Sierra Vista), a limited partnership, for the taxable year ending December 31, 1978. On April *544 15, 1979, petitioners filed their 1978 individual income tax returns. Sierra Vista timely filed its 1978 partnership information return. On January 12, 1982, petitioners Wilkin executed a Form 872-A, thereby extending the time to assess individual income tax against petitioners Wilkin for the taxable year 1978. On December 22, 1981, and on September 6, 1983, petitioners Michie executed Forms 872, thereby extending through December 31, 1984, the time to assess individual income tax against petitioners Michie for the taxable year 1978. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a notice of termination from petitioners, (2) respondent mails a notice of termination to petitioners, or (3) respondent mails a notice of deficiency for the applicable period. Respondent neither received a notice of termination from petitioners Wilkin, nor mailed a notice of termination to petitioners Wilkin, for the taxable year 1978. Consequently, as of October 31, 1984, the period of limitations upon assessment had not expired with respect to either petitioners Wilkin's or petitioners Michie's taxable *545 year 1978. Conversely, as of October 31, 1984, more than 3 years had elapsed since the filing of Sierra Vista's 1978 partnership information return. On March 23, 1992, petitioners Wilkin and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters regarding petitioners Wilkin's distributive share of losses, deductions, and credits attributable to Sierra Vista. Similarly, on March 23, 1992, petitioners Michie and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters regarding petitioners Michie's distributive share of losses, deductions, and credits attributable to Sierra Vista. Implementation of the Closing Agreements was contingent, however, upon a final determination that the period of limitations upon assessment had not expired with respect to petitioners Wilkin's and petitioners Michie's distributive share of losses from Sierra Vista prior to the issuance of the notice of deficiency. On March 16, 1992, petitioners filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to their distributive share of losses from Sierra *546 Vista prior to the issuance of the notices of deficiency. On April 13, 1992, respondent filed a cross-motion for summary judgment asserting that all issues relating to petitioners' interests in Sierra Vista had been resolved in the Closing Agreements, and that a decision should be entered in accordance with the terms thereof. OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. Petitioners contend that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). Petitioners cite , *547 revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. Similarly, in , affg. *548 , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioners' motion for summary judgment will be denied and respondent's cross-motion for summary judgment will be granted. An appropriate order will be issued, and decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the year in issue.↩
2. The taxable year at issue antedates the enactment of secs. 6221- 6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩