JON C. WALKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 8913-86
United States Tax Court
T.C. Memo 1992-527; 1992 Tax Ct. Memo LEXIS 540; 64 T.C.M. (CCH) 692; September 8, 1992, Filed *540 An appropriate order will be issued, and decision will be entered under Rule 155. Held: The period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. See Siben v. Commissioner, 930 F.2d 1034 (2d Cir. 1991), affg. T.C. Memo. 1990-435; Stahl v. Commissioner, 96 T.C. 798 (1991). For Petitioner: Declan J. O'Donnel For Respondent: Randall L. Preheim WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: This matter is before the Court on petitioner's motion for summary judgment and respondent's cross-motion for summary judgment filed pursuant to Rule 121. [1] Respondent determined deficiencies in, and increased interest on, Jon C. Walker's (petitioner) Federal income taxes for the taxable years, and in the amounts, set forth below: Increased Interest
Tax Year Ended
Deficiency
Sec. 6621(c)
December 31, 1978
$ 102,207
[1]
December 31, 1979
99,289
[1]
December 31, 1980
48,237
[1]
*541 Notices of deficiency were mailed to petitioner for the taxable years at issue on January 10, 1986. Petitioner resided in Phoenix, Arizona, at the time the petition herein was filed. The issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [2]
FINDINGS OF FACT Petitioner was a validly subscribed member of Consolidated Fuel and Realty (Consolidated Fuel), a limited partnership, for the taxable years ending December 31, 1979, and December 31, 1980. On June *542 13, 1980, and October 15, 1981, petitioner filed his 1979 and 1980 individual income tax returns, respectively. Consolidated Fuel timely filed its 1979 and 1980 partnership information returns. On November 19, 1982, and March 12, 1984, petitioner executed a Form 872-A, thereby extending the time to assess individual income tax against petitioner for the taxable years 1979 and 1980, respectively. Pursuant to Form 872-A, the amount of income tax due for a taxable year may be assessed on or before the 90th day after: (1) Respondent receives a ntoice notice of termination from petitioner, (2) respondent mails a notice of termination to petitioner, or (3) respondent mails a notice of deficiency for the applicable period. On December 10, 1985, respondent received an executed Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, for each of petitioner's taxable years 1978, 1979 and 1980. As of January 10, 1986, the date a notice of deficiency was mailed to petitioner, fewer than 90 days had passed since respondent's receipt of the notices of termination. Consequently, as of January 10, 1986, the period of limitations upon assessment had not expired with respect to petitioner's taxable years 1979 and 1980. Conversely, as of January 10, 1986, more than 3 years had elapsed since the filing of Consolidated Fuel's 1979 and 1980 partnership information returns. On *543 February 1, 1991, petitioner and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters regarding petitioner's distributive share of losses, deductions, and credits attributable to petitioner's interest in Consolidated Fuel. [3] On January 21, 1992, petitioner filed a motion for summary judgment asserting that the period of limitations upon assessment had expired with respect to his distributive share of losses from Consolidated Fuel prior to the issuance of the notices of deficiency. On March 2, 1992, respondent filed a cross-motion for summary judgment asserting that all issues relating to respondent's determination of petitioner's income tax deficiencies had been resolved in the closing agreements. [4]
*544 OPINION The sole issue for decision is whether the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return, or by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. [5] Petitioner contends that the period of limitations is controlled by the filing of the partnership's information return. Conversely, respondent contends that the period of limitations is controlled by the filing of the partner's individual income tax return. Respondent agrees that there is no genuine issue as to any material fact relating to the applicable period of limitations upon assessment, and that a decision on this issue may be rendered as a matter of law. See Rule 121(b). *545 Petitioner cites , revg. and remanding , as authority for the proposition that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partnership's information return. In , the Ninth Circuit held that the Commissioner may not adjust a taxpayer-shareholder's individual income tax return based upon an adjustment to a subchapter S corporation's information return when the period of limitations had run as to the subchapter S corporation's return. . We previously considered and rejected the Ninth Circuit's decision in Kelley in determining the period of limitations applicable to a partner's distributive share of partnership items. In , we held that the filing of a partnership information return does not affect the period of limitations upon assessment applicable to the determination of a deficiency against individual partners of a partnership. *546 Similarly, in , affg. , the Second Circuit held that the applicable period of limitations was controlled by the partners' individual income tax returns rather than by the partnership return. See also , affg. on this issue . We consider , and , to be dispositive of this issue; consequently, we hold that the period of limitations upon assessment applicable to a partner's distributive share of partnership items is controlled by the filing of the partner's individual income tax return, as extended by any agreements relating thereto. In accordance with the holding set forth above, petitioner's motion for summary judgment will be denied; in accordance with the closing agreements, respondent's cross-motion for summary judgment will be granted. An appropriate order will be issued, and decision will be entered *547 under Rule 155. Footnotes
1. To be determined for each of the years at issue. ↩
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954 in effect for the years in issue.↩
2. The taxable years at issue antedate the enactment of secs. 6221-6233 which provide that the tax treatment of partnership income, loss, deductions, and credits is to be determined at the partnership level in a unified partnership proceeding for partnership taxable years beginning after Sept. 3, 1982.↩
3. On June 13, 1991, petitioner and respondent entered into a Form 906C Closing Agreement on Final Determination Covering Specific Matters regarding petitioner's distributive share of losses, deductions, and credits attributable to petitioner's interest in Tejon Investors and Delaware Drift Mining Investors. ↩
4. Respondent concedes that interest at the increased rate provided for by former sec. 6621(d) is inapplicable.↩
5. The deficiency in, and addition to, petitioner's 1978 Federal income tax is attributable to petitioner's investment in Tejon Investors and Delaware Drift Mining Investors. Petitioner does not contend that the period of limitations upon assessment had expired with respect to his distributive share of losses, deductions, and credits resulting from these investments prior to the issuance of the notice of deficiency.↩